UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIDEL JOSHUA,<br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY AND COUNTY OF SAN FRANCISCO,<br>　　　　Defendant. | Case No. 14-cv-05394-JD<br><br>**ORDER GRANTING MOTIONS TO AMEND**<br><br>Re: Dkt. Nos. 31, 32 |

　　　　This is a consolidated employment action. The Court previously consolidated the cases of *Joshua v. City and County of San Francisco*, Case No. 14-cv-5394, and *Jack v. City and County of San Francisco*, Case No. 14-cv-5402. Dkt. No. 16. The plaintiffs in those two actions were formerly "3284 Recreation Directors" with the City and County of San Francisco's Recreation and Parks Department before that entire category of positions was eliminated in a reorganization of the Department.

　　　　Joshua's complaint and Jack's amended complaint are currently the operative complaints in this case. Dkt. Nos. 1, 19. Those complaints include age and race discrimination claims against the City and County of San Francisco under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq., Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the California Fair Employment and Housing Act (FEHA), Cal. Gov't Code § 12941 et seq. But where those discrimination claims were previously based on a theory of disparate treatment, plaintiffs now seek to add to the case those same claims on a theory of disparate impact. Specifically, plaintiffs seek to allege that, questions about the City's motivation aside, the facially neutral reorganization of the Recreation and Parks Department "had a disparate impact on African-Americans and individuals over age 40," such as the two plaintiffs here. Dkt. No. 32 at 5.

Defendant opposes the motions.  Dkt. No. 38.  The Court finds the motions suitable for decision without oral argument under Civil Local Rule 7-1(b), and grants the requests to amend.

## DISCUSSION

Under the scheduling order in this case, the last day to add parties or amend pleadings was April 10, 2015.  Dkt. No. 16.  Consequently, as plaintiffs acknowledge, they need to show "good cause" to amend the scheduling order under Rule 16(b), after which the Court evaluates their requests to amend under Federal Rule of Civil Procedure 15.  Dkt. No. 32 at 9.  The primary consideration for "good cause" under Rule 16 is diligence.  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  Rule 15, of course, provides that "[t]he court should freely give leave [to amend] when justice so requires."

Here, defendant's main argument in opposition to the requested amendment is futility.  Dkt. No. 38 at 6-11.  Defendant also makes a secondary argument that plaintiffs have failed to show good cause because they allegedly "had all of the data that they needed to allege their disparate impact claims prior to the initial March 2015 Case Management Conference."  *Id*. at 11-12.

### I. FUTILITY

As an initial matter, "[c]hallenges to the pleading are usually deferred until after the pleading has been granted, but leave to amend has sometimes been denied if the proposed amendment is futile.  A proposed amendment is futile only if 'no set of facts can be proved under the amendment that would constitute a valid claim or defense.'"  *Abels v. JBC Legal Grp., P.C.*, 229 F.R.D. 152, 157 (N.D. Cal. 2005) (quoting *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)).

Defendant argues that the proposed amendment would be futile because plaintiffs "do not allege that a specific facially-neutral employment policy or practice caused [a] disparate impact."  Dkt. No. 38 at 7.  Defendant appears to focus its attack on the level of generality of plaintiffs' proposed allegation, noting that "plaintiffs have not identified and singled out any particular employment practice in the reorganization plan that allegedly caused a disparate impact."  *Id*. at 8.  But governing case law does not require the level of specificity defendant would have the Court

2

demand from plaintiffs. *See*, *e.g.*, *Rose v. Wells Fargo & Co.*, 902 F.2d 1417, 1424-25 (9th Cir. 1990) (finding that plaintiffs had sufficiently identified "a specific employment practice subject to a disparate impact analysis," where they had identified as "the outwardly neutral practice . . . '[t]he process Wells Fargo describes by which it selected employees to be terminated [which] involved a subjective determination by department heads regarding the positions or persons to be eliminated'"). The proposed amended complaints identify as the outwardly neutral practice, "defendant's decision to reduce its Department budget via a reorganization and reclassification rather than conduct layoffs within the 3284 Recreation Director classification." *See*, *e.g.*, Dkt. No. 32-1, Ex. A ¶ 67. This is specific enough at this time.

Another flaw permeates defendant's argument. The case on which defendant relies for the proposition that plaintiffs needed to have identified a "*specific* employment practice" did not end the analysis as a matter of insufficient pleading after finding plaintiffs there had not "identified any specific test, requirement, or practice within the pay plan that has an adverse impact on older workers." *Smith v. City of Jackson, Miss.*, 544 U.S. 228, 241 (2005). Rather, the Supreme Court went on to analyze from the record evidence whether "the City's plan was based on reasonable factors other than age." *Id.*; *see also Stockwell v. City and County of San Francisco*, 749 F.3d 1107, 1104 (9th Cir. 2014) (describing *Smith* as rejecting the disparate impact ADEA claim in that case "on the merits for 'failure to identify the specific practice being challenged,' among other shortcomings.").

The same is true of the other cases cited by defendant. In none of those cases did the court reject plaintiff's claim as a gatekeeping matter for failure to plead a prima facie case; the courts looked to the evidence at a later stage of the case to see if plaintiff had proven a prima facie case such that the burden had then shifted to defendant. *See*, *e.g.*, *Katz v. Regents of the Univ. of Cal.*, 229 F.3d 831, 835 (9th Cir. 2000) (affirming district court's dismissal of plaintiffs' adverse impact claim "just prior to trial," after "concluding that plaintiffs were 'unable to set forth a substantial statistical disparity that would raise an inference of intentional discrimination, and . . . unable to demonstrate how the University's decision -- absent discriminatory intent -- could have harmed the plaintiffs because of age"); *Rose*, 902 F.2d 1417, 1425 (finding Wells Fargo was "entitled to

1   summary judgment on the plaintiffs' claims of disparate impact" because plaintiffs had "failed to
2   prove [the facially neutral employment] practice caused the termination of older Crocker
3   employees because of their age"); *Wards Cove Packing Co., Inc. v. Atonio*, 490 U.S. 642, 658
4   (1989), *superseded by statute on other grounds*, Civil Rights Act of 1991, Pub. L. No. 102-166,
5   105 Stat. 1074 (outlining "proof burdens" plaintiffs must meet to "establish a prima facie case of
6   disparate impact with respect to any of petitioners' employment practices," after which "the case
7   will shift to any business justification petitioners offer for their use of these practices").

   The Court offers no opinion on whether plaintiffs will ultimately be able to prevail on their new disparate impact theory of discrimination. But defendant's arguments at this stage in opposition to plaintiffs' requests to amend are premature, and go to matters of merits and proof for possible consideration down the line. The Court denies a finding of futility.

## II.  GOOD CAUSE

Defendant makes a much more cursory argument that the motions lack good cause because plaintiffs allegedly had all the data they needed to allege their disparate impact claims much earlier in the case. Dkt. No. 38 at 11-12. But plaintiffs have submitted a detailed declaration outlining, among other things, what documents they received and when (and what plaintiffs learned from those documents), efforts to apprise defendant that plaintiffs intended to pursue age and race discrimination claims on a disparate impact theory, and efforts to obtain defendant's agreement that plaintiffs could amend their complaints to add these theories. Dkt. No. 32-1. That is enough to show "good cause" for deviating from the scheduling order under Rule 16, and plaintiffs have also satisfied the liberal standard for permitting amendments to pleadings under Rule 15.

## CONCLUSION

Plaintiffs' motions to amend, Dkt. Nos. 31, 32, are granted. Plaintiffs are directed, however, not to file the proposed amended complaints as attached to their motions, but rather to file a single amended complaint on a consolidated basis for both plaintiffs. These cases have already been consolidated for all pre-trial proceedings, Dkt. No. 16, and duplicative pleadings for each plaintiff are improper and make this case unnecessarily more burdensome and unmanageable.

The two plaintiffs' respective motions to amend themselves (as well as the reply briefs), Dkt. Nos. 31, 32 and 41, 42, were almost identical, yet defendant and the Court were put to the task of making that determination. The Court will not do this unnecessary work going forward, and motions must be filed strictly on a consolidated basis to the extent the two plaintiffs make the same arguments and seek the same relief.

Plaintiffs' consolidated complaint is due by November 10, 2015. Defendant's response to the complaint is due by December 2, 2015.

Looking forward, the Court previously vacated the deadline for filing dispositive motions, Dkt. No. 43, and defendant stated the parties had not completed meeting and conferring on defendant's request that the other remaining case management deadlines also be continued. Dkt. No. 40. The parties are directed to complete that meet and confer in light of this order, and to present the Court with a joint request for the Court's consideration by November 20, 2015, that addresses all remaining case management deadlines in this case. That request should also indicate whether defendant intends to answer or move to dismiss plaintiffs' consolidated complaint.

The hearing that was set for October 21, 2015, at 10 a.m. is vacated.

**IT IS SO ORDERED.**

Dated: October 20, 2015

_____
JAMES DONATO
United States District Judge