UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIDEL JOSHUA,<br>         Plaintiff,<br>    v.<br>CITY AND COUNTY OF SAN FRANCISCO,<br>         Defendant. | Case No. 14-cv-05394-JD<br><br>**ORDER RE SUMMARY JUDGMENT**<br>Re: Dkt. Nos. 55, 68 |
| JERRY JACK,<br>         Plaintiff,<br>    v.<br>CITY AND COUNTY OF SAN FRANCISCO,<br>         Defendant. | Case No. 14-cv-05402-JD |

## I.  DEFENDANT'S SUMMARY JUDGMENT MOTION (DKT. NO. 55)

As discussed at the hearing, the Court issues the following summary judgment rulings pursuant to Federal Rule of Civil Procedure 56.

### A.  Disability-related claims by Jack only (13th-16th causes of action under ADA and FEHA)

There is no genuine dispute as to any material fact for these claims. The defendant's motion for summary judgment on these claims was effectively unopposed by plaintiffs. *See* Dkt. No. 71 at 18.

Summary judgment is **GRANTED** for defendant on plaintiffs' 13th, 14th, 15th and 16th causes of action, which were asserted on behalf of Jack only.

**B. Age and race disparate impact claims based on City's "decision to reduce its Department budget via a reorganization and reclassification rather than conduct layoffs" (2nd, 4th & 8th causes of action under ADEA, Title VII & FEHA)**

The Court has serious doubts about whether the statistical evidence offered by plaintiffs is "of a kind and degree sufficient to show that the practice in question has caused the exclusion of applicants for jobs or promotions because of their membership in a protected group." *Rose v. Wells Fargo & Co.*, 902 F.2d 1417, 1424-25 (9th Cir. 1990).

But even assuming for discussion purposes that plaintiffs could establish a prima facie case, defendant has produced evidence that its decision to reorganize and reclassify (rather than conduct layoffs) was based on legitimate business reasons such as budget cuts and the development of a new model of delivering recreation services according to industry best practices. Plaintiffs have failed to rebut that evidence or to raise a triable issue of fact that the stated reason was pretextual.

Summary judgment is **GRANTED** for defendant on plaintiffs' 2nd, 4th and 8th causes of action.

**C. Age discrimination disparate treatment (1st cause of action under ADEA)**

Plaintiffs have failed to produce evidence showing that they were subjected to an adverse employment action because of their age. There is no evidence linking the few age-related comments plaintiffs have identified to any adverse employment action or decision to replace plaintiffs with substantially younger employees with equal or inferior qualifications. Plaintiffs have consequently failed to establish a prima facie case of age discrimination under a disparate treatment theory.

Summary judgment is **GRANTED** for defendant on plaintiffs' 1st cause of action.

**D. Race discrimination disparate treatment (3rd, 7th & 12th causes of action under Title VII, FEHA & 42 U.S.C. § 1981)**

To establish a prima facie case for race discrimination under a disparate treatment theory, a plaintiff must show "(i) that he belongs to a racial minority; (ii) that he applied and was qualified for a job for which the employer was seeking applicants; (iii) that, despite his qualifications, he was rejected; and (iv) that, after his rejection, the position remained open and the employer

continued to seek applicants from persons of complainant's qualifications." *Washington v. Garrett*, 10 F.3d 1421, 1433 (9th Cir. 1993). Plaintiffs have not established Jack's qualifications for the 3283 position in 2010 or the 3286 position in 2015. In fact, the evidence in the record is that Jack failed the 3286 examination. Dkt. No. 55 at 10 (citing Gee Decl. Ex. A). Plaintiffs have also failed to offer specific evidence that after plaintiffs' rejections, the positions remained open and the employer continued to seek applicants from persons of complainants' qualifications.

Even if the Court were to again assume that plaintiffs could establish a prima facie case, defendant has articulated a legitimate, nondiscriminatory reason for its actions: that it preferred other candidates based on their competencies. Plaintiffs have failed to raise a genuine dispute of material fact as to whether that articulated reason was pretextual.

Summary judgment is **GRANTED** for defendant on plaintiffs' 3rd, 7th and 12th causes of action.

### E. Hostile environment racial harassment & failure to prevent discrimination and harassment in workplace (5th, 9th & 11th causes of action under Title VII & FEHA)

The language adduced by plaintiffs is without a doubt distasteful and crude. But to determine if it was sufficiently severe or pervasive so as to be actionable, the Court looks at "all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance. In addition, the working environment must both subjectively and objectively be perceived as abusive." *Vasquez v. County of Los Angeles*, 349 F.3d 634, 642 (9th Cir. 2003) (internal quotations and alterations omitted). While unsavory, the handful of comments plaintiffs cite is not enough to go forward on these claims. They were made sporadically at best over a two-year period. *See* Dkt. No. 71 at 16. And the record shows that this was a workplace where vulgar and potentially offensive language was frequently and routinely used, including by plaintiffs. *See*, *e.g.*, Dkt. No. 55 at 3.

Taking all of the relevant circumstances into account, the alleged racially discriminatory utterances and conduct were not "sufficiently severe or pervasive to alter the conditions of the plaintiffs' employment and create an abusive work environment." *Vasquez*, 349 F.3d at 643-44.

Summary judgment is **GRANTED** for defendant on plaintiffs' 5th, 9th and 11th causes of action.

### F.     Retaliation (6th & 10th causes of action under Title VII & FEHA)

#### 1.     Joshua

There is a triable issue of fact as to plaintiff Joshua's retaliation claims, and summary judgment is **DENIED** for Joshua's 6th and 10th causes of action.  Among other things, the record evidence shows that James Wheeler, Joshua's second-line supervisor, stated on multiple occasions that he intended to make sure Joshua did not return to the Department after the reorganization, and Wheeler knew about and made reference to Joshua's complaints to the EEOC.  There was also evidence that Wheeler, Rosales and Palacio all knew about the EEOC complaints and they were involved in at least one selection decision relating to Joshua's application for a 3286 position in 2010.  These facts are sufficient to defeat summary judgment.

#### 2.     Jack

Similar to Joshua, the record evidence shows that Jack's supervisors knew about his complaints to the EEOC and made pointed comments to Jack about them.  Jack has also produced evidence that in 2014, he overheard Gee stating: "I understand this is a sensitive matter that Mr. Jack, you know, he ain't getting no money coming in and I'll see what I can do about him using his hours.  *But also, Jerry still has a pending EEOC case against us*."  Dkt. No. 71 at 5 (emphasis added).

While Jack's case for retaliation presents a closer call than Joshua's, the bar for establishing an adverse employment action on a claim of retaliation is lower than that required for a discrimination claim.  The plaintiff need only show that the alleged retaliatory act "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington Northern and Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (internal quotations omitted).  The adverse employment action need not be severe and plaintiff need not have been "fired, demoted, or suffered some financial loss." *McAlindin v. County of San Diego*, 192 F.3d 1226, 1239 (9th Cir. 1999) (internal quotations omitted).

Jack has come forward with enough evidence to meet that bar.  Summary judgment is **DENIED** for Jack's 6th and 10th causes of action also.

## II. DEFENDANT'S *DAUBERT* MOTION (DKT. NO. 68)

While the Court has some concerns about the methodology used by plaintiffs' expert William Lepowsky, defendant's arguments go more to weight than admissibility.  In any event, Lepowsky's report addresses disparate impact, and the Court has granted summary judgment for defendant on plaintiffs' disparate impact claims.  Defendant's *Daubert* motion to exclude the testimony of expert William Lepowsky is **DENIED**.

**IT IS SO ORDERED.**

Dated: March 30, 2017

JAMES DONATO
United States District Judge